The opinion of the Court was delivered by
CoiiCOOK, J.
The act is in these words, “ Whereas heretofore, it hath been the law of this State, that upon the return of writs of capias ad respondendum, where the defendant or defendants maketh default of appearance, to suffer the plaintiff to suspend the proceedings against such defendant or defendants, and commence original actions against the bail, whereby the costs have been *greatly and unnecessarily increased, and the defendants aggrieved : For remedy thereof, Be it further enacted, That where any writ shall issue from any Court within this State, whether of supreme or inferior jurisdiction, and the defendant shall give bail for his appearance, and shall make default, the suit shall be prosecuted to judgment and execution against such defendant, before any proceedings shall be had against the common bail. And if the sheriff shall return upon the execution that the defendant is not to be found, or hath no effects whereon to levy the debt and costs, then the plaintiff may sue forth a scire facias against such bail to show cause why the execution for the judgment and costs should not issue against him or them; and on such scire facias being returned executed, judgment shall be entered up against such bail, and execution go forth as against the original defendant, &e.” P. L. 369 ; [1] Brev Dig. 53,1 and directs, that if the return be non est inventus, a second scire facias shall issue into any district where the bail may be ; and on a second return of non est, judgment shall be entered, with a previous saving to the common bail the right of becoming special bail at any time before judgment. Upon a brief review of the law, as it stood before the passing of this Act, and a recurrence to the preamble of the Act, it will be seen, that the remedy by action on the bond to the sheriff is not, nor was not intended to be taken away by the Act. Upon the return of the writ and failure of appearance, the plaintiff might suspend his action against the defendant and proceed against the bail. But if an appearance was entered, and the bail to the sheriff (or, as they are called in the act, bail below) justified, and became special bail, the suit must be carried on against the principal, and the bail might surrender the principal, in discharge of themselves, at any time before the return of the second scire facias or first scire feci; so that one of the processes against the special bail, which is spoken of in the Act, was scire facias. The inconvenience complained of is, that the bail could be sued, when the principal might be able to pay the debt, and ought to be tried first; and *that in case he is able and does pay the debt, then the unnecessary accumulation of costs, in consequence of the two suits, might have been avoided, to remedy which the Act was passed. While it secures on the one hand the bail from unnecessary costs and vexation, on the other it is careful to put the plaintiff in as good a situation as if the bail had become special bail, (as they are termed in the act) or bail above, and they are permitted to enter themselves as such at any time before the judgment is signed. If it be found that the principal cannot pay, the *196 plaintiff may proceed against the bail by scire facias, as he could have done at the common law against special bail, on the return of the ca. sa. Thus the costs which would have accrued against the bail, on a suit which in many instances, might be unnecessary, are in all such saved, and the bail relieved from the vexation of an unnecessary suit. It is then clear, that it was necessary to introduce the authority to proceed against the common bail by scire facias, which could not have been done at the common law, and this was all that was intended. If anything further were necessary to show the intent of this Act, the phraseology used, I think, must put it beyond doubt, for the Act says, “may proceed against such bail.” ' Now, if (as is contended) it intended to take away the remedy by action on the bond, it would certainly have said, “ shall proceed by scire facias, and no otherwise.”
Crenshaw and Bauslcett, for the motion; O’Neal, contra.
In the case of Benson v. M’Kie, (MS.) acontrary opinion was held by three judges, and hence, the idea that this question was settled ; but there were other points in that case, on which some of the judges determined that a new trial should be granted, and the opinion of three cannot be considered as settling the law.
In this opinion, my brethren all concur.
The motion is refused.
Nott, Cheves, Gantt and Johnson, JJ., concurred.

 Comity Court Act, 7 Stat. 215, § 10.

 1 Strob. 308, and cases there cited; 1 Brev. 14, 2 vol. 570.